IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRIGITTA D. ARNOLD and
RODERICK ARNOLD,

    Plaintiffs,

v.

NATIONSTAR MORTGAGE LLC,

    Defendant.

CIVIL ACTION FILE NO.

1:17-cv-3224-TWT-JKL

## **ORDER AND FINAL REPORT AND RECOMMENDATION**

This case is before the Court on Defendant Nationstar Mortgage, LLC's Motion to Dismiss [Doc. 3] and Motion to Stay Pretrial Deadlines and Discovery Doc. 4]. Plaintiffs, who are proceeding pro se, have not filed a response to either motion or otherwise corresponded with the Court. For the reasons stated below, I **RECOMMEND** that the motion to dismiss be **GRANTED**. It is further **ORDERED** that the Motion to Stay be **GRANTED**.

## I.  BACKGROUND

Plaintiffs filed this lawsuit to enjoin the foreclosure of their residence located in Cobb County, Georgia. [*See* Doc. 1-1.[1]] Best I can tell, Nationstar is the servicer of a loan secured by the residence. The foreclosure sale was scheduled to occur on August 2, 2017.

Plaintiffs allege that Nationstar should be enjoined from "collecting, foreclosing or attempting to collect any mortgage payments, interest, late fees, restricting, [and] modifying [the] mortgage contract in this instant case" because (1) it is not registered to do business in Georgia, even though it regularly conducts business here; (2) it is not a holder in due course under Article 3 of the UCC; (3) the underlying security deed was not properly assigned to Nationstar, and therefore, Nationstar lacks standing to foreclose on the property; (4) Nationstar violated the "Fair Debt Collections Act" (presumably, a reference to the Fair Debt Collections Practices Act, hereinafter the "FDCPA"); (5) Nationstar violated O.C.G.A. § 44-14-161.2 by conducting foreclosure proceedings "below true market value of the

---

[1] Plaintiffs' complaint is docketed at entry 1-1. The pinpoint citations in this report and recommendation refer to the page numbers automatically generated by CM/ECF.

property"; and (6) Nationstar violated O.C.G.A. § 44-14-162.2. [*Id.* at 6-10.] Plaintiffs also seek punitive damages. [*Id.* at 8.]

On August 28, 2017, Nationstar moved to dismiss the complaint. [Doc. 3.] Nationstar presents several arguments as to why the Plaintiffs' complaint should be dismissed, including: (1) the complaint is a "shotgun pleading"; (2) the complaint fails to comport with the pleading requirements of Federal Rule of Civil Procedure 8(a); (3) Plaintiffs' claims fail because they failed to tender the amount owed on the loan; (4) Plaintiffs lack standing to challenge the assignment of the security deed; (5) Plaintiffs' wrongful foreclosure claim fails because it has standing to assist with the foreclosure sale, Plaintiffs have not made proper loan payments, and no foreclosure sale has taken place; (6) Plaintiffs' claims for violations of Article 3 of the UCC are meritless; (7) the complaint fails to state a claim for a violation of the FDCPA; (8) Plaintiffs have not shown a substantial likelihood of success on the merits, therefore any request for injunctive relief in inappropriate; and (9) since Plaintiffs' substantive claims fail as a matter of law, Plaintiffs' claim for punitive damages fails as a matter of law. [*Id.* at 7-18.]

## II. ANALYSIS

### A. Standard on Motion to Dismiss

In evaluating a Rule 12(b)(6) motion to dismiss, a court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint need not provide "detailed factual allegations," but it must provide factual allegations sufficient to set forth the plaintiff's entitlement to relief. *Twombly*, 550 U.S. at 555. Providing only "labels and conclusions" is insufficient, "and a formulaic recitation of the elements of a cause of action will not do." *Id.* In evaluating a complaint, courts should disregard any allegations that are mere legal conclusions. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (discussing *Iqbal* and *Twombly*).

### B. Discussion

Nationstar argues that the complaint is a "shotgun pleading" because "[t]he Complaint fails to separate each cause of action or claim for relief into separate counts, and is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." [Doc. 3-1 at 3.] I am not convinced,

4

however, that the complaint really qualifies as a shotgun pleading. Shotgun pleadings are defined by "the failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading," *Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005), and typically "contain[] several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions," *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Here, the six-page complaint contains virtually no relevant factual allegations regarding the circumstances giving rise to the claims. Nor does the complaint state the claims in sequentially numbered counts (or even present logically and/or non-repeating numbered paragraphs). A majority of the complaint is simply citation to irrelevant legal authority or other "legalese" that the Court should disregard. The flaw in the complaint is not that it alleges too much information in a haphazard fashion; rather, the complaint fails to satisfy the rudimentary pleading requirements of Federal Rules of Civil Procedure 8(a) and 10(b). *See Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (holding that a complaint fails to state a claim unless the well-pled factual allegations of the complaint nudge the claims across

the line from conceivable to plausible); *see also Calhoun v. Nationstar*, No. 1:13-CV-2581-TWT, 2013 WL 5493311 (N.D. Ga. Sept. 30, 2013) (summarily dismissing foreclosure action because the generic form complaint did not include factual allegations); *Ponder v. Bank of N.Y. Mellon*, No. 5:10-CV-144, 2010 WL 2950681, at *1 (M.D. Ga. July 21, 2010) (same).

I have attempted to construe Plaintiffs' complaint as leniently as possible in light of their pro se status; however, I have no hesitation in finding that the complaint is frivolous and completely devoid of legal merit.[2]

First, Plaintiffs' allegation that Nationstar is not registered to do business in Georgia, even though it regularly conducts business here, is simply wrong and cannot provide a plausible basis for enjoining Nationstar. The publicly-available records of the Georgia Secretary of State reflect that Nationstar is in fact registered to conduct business in the state of Georgia. *See* https://ecorp.sos.ga.gov

---

[2] In 2012, this Court dismissed a similar form complaint filed by Roderick Arnold against Bank of America that involved the same property. *See Arnold v. Bank of Am., N.A.*, No. 1:11-CV-02708-TWT-GGB, 2012 WL 3028343, at *3 (N.D. Ga. June 20, 2012), *report and recommendation adopted*, 2012 WL 3027902 (N.D. Ga. July 24, 2012).

/BusinessSearch/DownloadFile?filingNo=14186999 (last visited Nov. 8, 2017) (2017 annual registration).[3]

Second, Plaintiffs' suggestion that Nationstar is not a holder in due course under Article 3 of the UCC fails as a matter of law because a security deed is not a negotiable instrument and is, therefore, not governed by Article 3 of the UCC. *You v. JP Morgan Chase Bank*, 293 Ga. 67, 73 (2013) (holding that security deed is not a negotiable instrument and is therefore not governed by Article 3); *see also Williams-Grady v. Muller Real Estate Holdings, LLC*, No. 3:15-CV-55-TCB-RGV, 2015 WL 11457695, at *4 (N.D. Ga. Aug. 7, 2015), *report and recommendation adopted*, 2015 WL 11492556 (N.D. Ga. Aug. 27, 2015) (holding that Georgia's UCC does not apply to transactions involving real property).

Third, Plaintiffs' argument that the underlying security deed was not properly assigned is frivolous. It is well established under Georgia law that a borrower who is not a party to the assignment of a security deed lacks standing to

---

[3] In deciding a motion to dismiss, the Court can properly take judicial notice of public records maintained by the Georgia Secretary of State. *See Davis v. Nat'l Consumer Servs. Corp.*, No. 1:14-cv-00936-ELR-LTW, 2015 WL 11236558, at *4 (N.D. Ga. Feb. 19, 2015) (taking notice of records of Georgia Secretary of State on motion to dismiss), *report and recommendation adopted,* 2015 WL 11257483 (N.D. Ga. Mar. 9, 2015).

challenge that assignment because he is a stranger to the assignment contract. *Jurden v. HSBC Mortg. Corp.*, 330 Ga. App. 179, 180 (2014); *Montgomery v. Bank of Am.*, 321 Ga. App. 343, 346 (2013); *see also Lawson v. Ocwen Loan Servicing, LLC*, No. 1:14-cv-1301-WSD, 2015 WL 881252, at *5 (N.D. Ga. Mar. 2, 2015). Here, Plaintiffs do not allege facts that plausibly suggest that they were parties to any assignment of the security deed or that they were parties to the assignment of the servicing of the loan to Nationstar. They have also not alleged, and nothing in the complaint plausibly suggests, that the assignment contracts were intended to benefit them. *See Jurden*, 330 Ga. App. at 180. Thus, Plaintiffs lack standing to challenge assignments of the security deed or servicing of the loan. Further, to the extent that Plaintiffs contend that the underlying cannot be "split" from the security deed, that argument fails, as it has been rejected definitively by the Supreme Court of Georgia. *See You*, 293 Ga. at 74 ("[T]he holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed.").

Fourth, Plaintiffs' allegation that Nationstar violated the FDCPA consists of just one, conclusory sentence that Nationstar "did unlawfully violate the Fair Debt

8

Collections Act." [Doc. 1-1 at 9.] This is insufficient to state a claim upon which relief may be granted. To prevail on an FDCPA claim, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is a "debt collector" under the FDCPA. *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1313 (11th Cir. 2015). More specifically, the plaintiff must plead facts that allow the court to reasonably infer that either (1) the defendant's principal business purpose is the collection of any debts, or (2) the defendant regularly collects debts owed to another. *Id.* at 1314. Plaintiffs have not alleged facts plausibly establishing either of those elements, nor do Plaintiffs even specify which particular provision of the FDCPA was purportedly violated. Accordingly, Plaintiffs' FDCPA claim fails as a matter of law.

Fifth, Plaintiffs' contention that Nationstar violated "O.C.G.A. § 44-14-161.2" by conducting foreclosure proceedings "below true market value of the property" is clearly without merit as no foreclosure sale had occurred as of the time Plaintiffs filed this action. [*See* Doc. 1-1 at 6 (alleging that foreclosure sale scheduled for August 2, 2017).] In addition, O.C.G.A. § 44-14-161.2 does not exist. Presumably, Plaintiffs intended to refer to O.C.G.A. § 44-14-161, which explains that a party cannot seek a deficiency judgment on a property sold in a non-

9

judicial foreclosure unless it seeks judicial confirmation of the foreclosure sale within 30 days. The court may not issue a confirmation order unless the foreclosing party proves that the property was sold for its true market value. O.C.G.A. § 44-14-161(a). That statute is not relevant here because there is no allegation that a foreclosure sale occurred or that Nationstar is attempting to obtain a deficiency judgment.

Sixth, Plaintiffs' claim that Nationstar violated O.C.G.A. § 44-14-162.2 fails as a matter of law. O.C.G.A. § 44-14-162.2 generally provides that a debtor must be given written notice of a non-judicial foreclosure sale at least 30 days prior to the sale. Plaintiffs do not explain how Nationstar's conduct violated that statute. Thus, Plaintiffs have not stated a claim under that statute.

For all the reasons explained above, Plaintiffs are also not entitled to injunctive relief. In order to obtain a preliminary injunction or temporary restraining order, a plaintiff must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schaivo*, 403 F.3d 1223, 1225-26 (11th Cir.2005); *see also*

*Arnold*, 2012 WL 3028343, at *3. Here, Plaintiffs' substantive claims lack merit, so Plaintiffs cannot demonstrate a substantial likelihood of success on the merits. In addition, Plaintiffs have not described how the failure to impose an injunction would cause an irreparable injury, nor have they shown that the balance of equities weighs in their favor. Plaintiffs' request for an injunction must therefore be denied. *See Arnold*, 2012 WL 3028343, at *3 (recommending denial of injunction on similar grounds).

Finally, Plaintiffs' claim for punitive damage fails as a matter of law. Under Georgia law, a request for punitive damages is not an independent cause of action, but is instead derivative of substantive claims. *See Franklin Credit Mgmt. Corp. v. Friedenberg*, 275 Ga. App. 236, 242 (2005) (stating that a claim for punitive damages is not an independent cause of action). Because none of the underlying claims has any merit, Plaintiffs' claim for punitive damages also fails as a matter of law.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs have failed to state a claim for relief in their complaint. It is therefore **RECOMMENDED** that Nationstar's motion to dismiss [Doc. 3] be **GRANTED**.[4]

In light of this recommendation, I find that the interests of judicial efficacy would be best served by staying pretrial deadlines and discovery pending resolution of Nationstar's motion to dismiss. Accordingly, it is **ORDERED** that Nationstar's Motion to Stay Pretrial Deadlines and Discovery [Doc. 4] be **GRANTED**. In the

---

[4] Plaintiffs' repeated use of canned, generic, and meritless form complaints evidences their bad faith and the futility of allowing them another opportunity to amend. *Calhoun*, 2013 WL 5493311, at *1 n.3; *Martin v. CitiMortgage, Inc.*, No. 1:10-CV-00656-TWT-AJB, 2010 WL 3418320, at *6 n.8, *9 n.15 (explaining that plaintiff's use of canned boilerplate complaint demonstrated that she likely filed suit to forestall the foreclosure of or dispossession from her residence). Thus, while this Court might sympathize with Plaintiffs over the impending foreclosure of their property, it is not appropriate to offer them a chance to amend. *McGregor v. Wells Fargo Bank*, No. 2:10-CV-0136-RWS-SSC, 2011 WL 679435, at *4-5 (N.D. Ga. Jan. 26, 2011) (dismissing canned complaint believed to be frivolous effort to forestall dispossession of residence by bank without giving the pro se plaintiff an opportunity to amend); *Curtis v. BAC Home Loans Servicing, LP*, No. 5:10-CV-2626-MTT, 2010 WL 4054129, at *2 (M.D. Ga. Oct. 14, 2010) (summarily dismissing canned complaint filed by multiple plaintiffs without offering a chance to amend); *Ponder*, 2010 WL 2950681, at *1 (dismissing canned complaint taken from public domain and refusing to allow the plaintiff an opportunity to amend it).

event the district judge declines to adopt this recommendation, I will enter an order setting pretrial deadlines upon referral of the case back to me.

The Clerk is **DIRECTED** to terminate the reference to the undersigned.

IT IS SO ORDERED AND RECOMMENDED this 8th day of November, 2017.

_____
JOHN K. LARKINS III
United States Magistrate Judge